JOHN S. TRUITT, surviving executor, appellant,

*v.*

BARCLAY B. LAWRENCE et al., respondents.

[Submitted March 22d, 1915. Decided June 14th, 1915.]

A trustee applied to the orphans court to be discharged from his office, and the application was granted upon accounting and paying over the trust fund in his hands. He filed his account charging himself with the *corpus* of the fund and praying allowance for different sums which he claimed to have paid to the respective beneficiaries as represented by certain written releases in satisfaction of the entire *corpus*. The beneficiaries filed exceptions to the account upon the ground that the accountant had not charged himself with interest, and that he had not paid the real sum for which the releases were given, and therefore the allowances prayed were excessive. The orphans court tried the question of the *bona fides* of the releases and refused to give them the effect which their words imported, and reduced the allowances to the sums actually paid.—*Held*, that the orphans court had no power, upon such an accounting, to reform or set aside the releases, or to determine their force, and that in such case its jurisdiction was limited to ascertaining the amount for which the trustee should be liable, leaving the effect to be given to the releases to be settled when payment of the trust fund, as determined by the accounting, is sought to be enforced.

On appeal from a decree of the prerogative court advised by Vice-Ordinary Leaming.

*Messrs. Kaighn & Wolverton,* for the appellant.

*Messrs. Ott & Carr,* for the respondents.

The opinion of the court was delivered by

BERGEN, J.

This appeal brings under review a decree of the prerogative court affirming that of the orphans court of the county of Gloucester sustaining exceptions to an accounting in that court by the appellant, of a trust fund which came to him as executor and trustee under the last will and testament of Browning Lawrence. The executors were named in the will, and they qualified, but before the estate was settled, one of them died and this appellant was appointed as his successor. It also appears that the other executor died before the estate was settled, and that the appellant as surviving executor settled his account as executor in the orphans court of the county of Gloucester. That account and decree thereon is not made a part of this record, but it sufficiently appears that there remained in his hands to be held in trust, $2,000 for the benefit, during life, of the widow of testator's brother, with remainder to her two daughters, and also the sum of $4,478.10 each, to be held in trust during life, for Elijah, Barclay B. and Horace W. Lawrence, three of the testator's brothers, with remainder to their children. Shortly after this accounting, the appellant filed a petition praying to be discharged from the duties of his office as trustee, and an order was made by the orphans court discharging him therefrom, upon his accounting for, and paying over the assets of the estate coming into his hands. The trustee then filed the account to which exceptions were interposed and sustained in the orphans court, and affirmed in the prerogative court, from which the trustee appeals. The accountant charged himself with the $2,000 trust, and with the three sums of $4,478.10 each, held in trust for the three brothers, and prayed allowance for payments made to each of them to the extent of $4,478.10. Elijah and Barclay B., and his children, filed exceptions to this account upon two grounds—*first,* that the accountant had not charged himself with interest on the *corpus* of the fund, and *second,* because he had not in fact paid the sums

he claimed allowance for. Upon the hearing, the accountant produced releases, one of them executed by Elijah, and some of his children, two having assigned their interest to him, and another from Barclay B. and his children, and claimed that he was entitled to be credited with the sums named in the releases. The sufficiency of these releases was contested by the exceptants upon the ground that only $2,401.58 was in fact paid to each of these beneficiaries, although the releases purported to acknowledge the receipt of $4,478.10 each, and the orphans court thereupon proceeded to try that question, and determined that the releases were only worth as a credit the sum actually paid, and decreed that the accountant was not entitled to be allowed a greater sum than he had actually paid, and also that he should be charged with interest from the date the trust funds came to his hands as such. We consider this proceeding irregular because not within the jurisdiction of the orphans court, for that court has no power to reform or set aside the releases given by the beneficiaries to appellant in discharge of his obligation as trustee. It has jurisdiction over the accounting, and to ascertain the balance for which the trustee must account, charging him with the *corpus* that has come to his hands, and allowing all legal disbursements in its administration, and to fix the sum for which he is liable, but when the sum to be paid to beneficiaries by an accountant is fixed, the payment of the amount adjudged to be due, becomes a question between the accountant and the beneficiaries, and if they cannot agree, the legal efficacy of payments, and the releases relating thereto, must be determined in a proper proceeding instituted to enforce payment of the trust fund. The orphans court has no power to adjudicate upon, establish, or enforce a trust. *O'Callaghan's Case, 64 N. J. Eq. 287.* The testimony in this case shows, that the accountant, becoming insolvent, made a settlement with the life tenants and remaindermen by paying over to them what money he was able to raise, and giving his personal bond for the balance, and they thereupon executed the releases in question, and this, appellant claims, was a compromise and settlement of all that he owed, while the exceptants insist that they are not bound by the settlement, notwithstanding

they executed to the accountant their releases manifesting such a settlement. What the orphans court did in effect, was to set aside these releases, and while that may be done in a proper forum, upon evidence justifying it, the orphans court has no such jurisdiction, and the determination of their legal efficiency as a discharge is not within the statutory jurisdiction of the orphans court. While we disapprove of so much of the proceeding as undertook to deal with the effect of the releases as a discharge, the decree appealed from surcharges the accountant with interest, which we consider proper, it also allows credit for money actually paid on account of the trust fund, and as the practical effect of the decree is to charge the accountant with the balance, and as the balance charged against him is payable, or not, according to the effect to be given to the releases when that question is properly raised, an affirmance of this decree will result in substantial justice, although the method is not approved. The affirmance will be without prejudice to the right of the accountant to avail himself of the releases as a defence against the enforcement of the payment of the balance found against him by the decree, to the extent he would have been entitled to use them except for the finding and decree of the orphans court. The effect of the releases as a defence on behalf of the appellant has not been considered by us, and that question is not to be affected by the affirmance of this decree.

The decree will be modified to carry out the views of this court above expressed, but without costs.

*For affirmance*—None.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS —14.